■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLIFTON COLEY and RODNEY LINDSEY, Respondents. — Appeal by the People from an order of the Supreme Court, Kings County (McShane, J.), entered February 25, 1980, which granted the defendants' motion to suppress physical evidence seized during the course of a warrantless police entry. Order reversed, on the law, motion to suppress denied, and case remitted to the Supreme Court, Kings County, for further proceedings. On the morning of March 29, 1979 it was discovered that the Gateway Cleaners, a dry cleaning establishment, had been burglarized sometime during the night and that a quantity of clothing was missing therefrom. Pursuant to a tip from an anonymous informant, the police proceeded to 1940 Pacific Street, Apartment No. 14, after first having searched for the informant in the neighborhood of the cleaning establishment. Upon entering the building and while en route to the designated apartment, the police found plastic garment bags, hangers and cardboard flaps, such as those generally found on clothes hangers. Without knocking or making verbal inquiry to gain the attention of any possible occupants within, a police officer pushed open the door to Apartment No. 14 and therein encountered the defendants in possession of clothing, garment bags and tickets bearing the name "Gateway Cleaners". The defendants were arrested at that time. Under the circumstances here present, the information disclosed by the anonymous informant within hours of the burglary, as corroborated by the independent observations of the police officers, provided probable cause to justify the warrantless entry into defendant Lindsey's apartment (see *People v Alaimo,* 34 NY2d 187; *People v Hendricks,* 25 NY2d 129; *People v Cerrato,* 24 NY2d 1, cert den 397 US 940). The police were justified in acting without a search warrant since the informant had indicated that he knew that some of the stolen property had already been sold. The reasonable police belief that removal or destruction of the evidence was imminent constituted exigent circumstances requiring prompt entry into the apartment (see *People v Clements,* 37 NY2d 675, cert den *sub nom. Metzger v New York,* 425 US 911). It was therefore error to suppress the physical evidence seized after the warrantless police entry. Damiani, J. P., Gibbons, Margett and O'Connor, JJ., concur.