■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEARTIS TAPER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 30, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

On January 5, 1983, the police were investigating a fatal stabbing in the vicinity of 191-05A 113 Road in Queens. A homicide detective discovered a trail of blood leading from the victim's body to defendant's private social club approximately 150 feet away. When he entered the premises, he encountered the smell of ammonia, and observed blood on the floor and on the walls. He also observed a bloodied shirt and mop visible from the bar as well as bloodied carpets. Defendant, upon inquiry, stated that the victim had come into his premises bleeding, and that he had escorted him out. Thereafter, the defendant was taken into custody for questioning and physical evidence was seized.

At issue on appeal is whether the evidence was lawfully seized pursuant to the "emergency" exception to the warrant requirement under the Fourth Amendment.

Although the Supreme Court has rejected the notion of a homicide scene exception to the warrant requirement, under the "emergency" doctrine, the court has held that when the police come upon the scene of a homicide, they may make a "prompt

warrantless search" of the area to see "if there are other victims or if a killer is still on the premises". "And [they] may seize any evidence that is in plain view during the course of their legitimate emergency activities" (*Mincey v Arizona,* 437 US 385, 392, 393).

Furthermore, in New York the "emergency" doctrine, under similar circumstances, has been held to sanction a limited search in order to discover the perpetrator, or to locate the scene of the crime, or another person who may have been injured in the violence, or the victim (see *People v Hodge,* 44 NY2d 553, 558). The scope and duration of the search must be "limited by and reasonably related to the exigencies of the situation" (*People v Cohen,* 87 AD2d 77, 82-83, affd 58 NY2d 844, cert den 461 US 930). Here, the initial intrusion upon defendant's premises lasted only 20 minutes. A further search the following day was conducted pursuant to a warrant. Accordingly, the limited search pursuant to the "emergency" doctrine, and seizure of evidence in plain view, was lawful, and suppression was properly denied.

Turning to the issue of sentence, defendant pleaded guilty with the understanding that he would receive the sentence which thereafter was actually imposed. Under the circumstances of this case, defendant has no basis to now complain that his sentence was excessive.

We have considered defendant's remaining contention and find it to be without merit. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.