■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MICHAEL SMITH, Also Known as ROBERT M. SMITH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 26, 1984, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing a sentence of 2½ to 5 years' imprisonment. The appeal brings up for review the denial (Groh, J.), after a hearing, of defendant's motion to suppress statements.

Judgment affirmed.

On November 28, 1982, at approximately 1:30 A.M., New York City Police Officer Cashen and his partner were on routine motor patrol in Queens County when they observed defendant standing outside a car clutching a shoulder bag. The officers noticed that defendant appeared scared and star-

tled to see them, and therefore they decided to follow behind him in the car. Defendant crossed the street, walked between two parked cars and dropped the bag. Considering this behavior to be abnormal, the officers called defendant over to the police car to question him. Defendant came over to the car and was asked by the officers what he dropped, to which he replied, "I didn't drop anything". The officer retrieved the bag and discovered that it contained a sawed-off shotgun. Defendant was given his *Miranda* rights and was placed under arrest. Defendant was taken to the station house, where it was discovered that an attempted murder charge was outstanding against him. Defendant was given his *Miranda* rights again and stated that he did not want to talk without his attorney present. Before his attorney could be reached, defendant asked the officer what he was being charged with. After the officer responded, defendant made two incriminatory statements.

The court ruled at the *Huntley* hearing that the stop was legal and the statements were voluntarily made and should, therefore, not be suppressed. We agree.

It is well established that a police officer may stop a citizen on the street for the purpose of investigation if he can point to specific and articulable facts which warrant the intrusion *(see, Terry v Ohio,* 392 US 1; *People v De Bour,* 40 NY2d 210). No guns were drawn, and no compulsion or threats were applied to restrain defendant. Therefore, reasonable suspicion that criminal conduct had occurred was not required *(see, People v Medina,* 107 AD2d 302). Here, defendant's actions gave rise to articulable facts which justified the investigatory stop, and the discovery of the shotgun in the abandoned bag gave the police probable cause to arrest defendant.

The statements made by defendant were voluntarily made and were not the product of interrogation by the officers. After twice giving defendant *Miranda* warnings, the officers simply answered defendant's question in a straightforward manner and they cannot be said to have known that defendant would respond with an incriminating statement *(see, People v Rivers,* 56 NY2d 476). Therefore, suppression of the statements was properly denied.

Lastly, the sentence imposed was not excessive. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.