■ The People of the State of New York, Respondent, v Columbus Malone, Also Known as Ace Malone, Appellant.— Appeals by the defendant from two judgments of the County Court (Bowers, J.), both rendered December 2, 1977 in Putnam County after a change of venue from Orange County, convicting him of criminal sale of a controlled substance in the first degree (two counts) under indictment No. 55/76, and criminal possession of a controlled substance in the seventh degree (two counts), and criminal possession of a hypodermic instrument under indictment No. 368B/75, upon jury verdicts, and imposing sentences.

Judgments affirmed.

This court previously ruled that the evidence presented at a suppression hearing established that the police had probable cause for the warrantless arrest and search of the defendant on narcotics charges *(see, People v Malone,* 56 AD2d 895).

On appeal from his conviction, the defendant claims that the testimony presented at the trial conflicts with the suppression hearing testimony. We find no such conflict in the testimony and adhere to our previous ruling that probable cause for the defendant's arrest and search was established *(see, People v Valentine,* 17 NY2d 128). Even assuming that there was such a conflict in the testimony, the propriety of the denial of the motion to suppress should be adjudged upon the evidence before the suppression court *(cf. People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 1010).

The defendant's claim that he was deprived of a fair trial due to the ineffective assistance of counsel is without merit *(see, People v Baldi,* 54 NY2d 137). Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.

■ The People of the State of New York, Respondent, v David McClendon, Appellant.—Judgment of the Supreme Court, Queens County (DiTucci, J.), rendered January 3, 1985, affirmed *(see, People v Pavao,* 59 NY2d 282; *People v Rahman,* 46 NY2d 882). Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.