■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered July 18, 1985, convicting him or murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to the police.

Ordered that the judgment is affirmed.

There was sufficient evidence in this circumstantial evidence case for the jury to find the defendant guilty of the depraved indifference murder of Lillie Millhouse. The evidence, viewed in the light most favorable to the People, demonstrates that the defendant acted recklessly and engaged in conduct which created a grave risk of death to Ms. Millhouse and that the defendant's acts occurred under circumstances evincing a depraved indifference to human life. The jury properly applied the reasonable hypothesis standard, did not indulge in any unwarranted inferences and reached a reasonable determination *(see, People v Giuliano,* 65 NY2d 766, 767-768; *People v Elliott,* 124 AD2d 673; *People v Betancourt,* 111 AD2d 762, 763, *affd* 68 NY2d 707).

With respect to the defendant's contention that that branch of the motion which was to suppress physical evidence was improperly denied, we would initially point out that the defendant's contention that trial testimony may be considered in judging the propriety of the rejection of his motion is incorrect (see, People v Malone, 121 AD2d 657). Accordingly, we have viewed the record made at the suppression hearing without considering the evidence adduced at trial and find that, based thereon, the police properly entered the defendant's apartment without a warrant. Upon arriving at the premises, the police spotted specks of blood on the floor, the defendant was seen with a mop in his hands, and soapsuds were on the floor, thus indicating to the officer that possible evidence of the crime was about to be destroyed (see, Mincey v Arizona, 437 US 385, 393-394; People v Knapp, 52 NY2d 689, 695-696; People v Coley, 83 AD2d 640). Further, it was appropriate for the police to enter the apartment to determine whether additional victims were present or a perpetrator was hiding therein (see, Thompson v Louisiana, 469 US 17, reh denied 469 US 1197; People v Hodge, 44 NY2d 553, 558; People v Taper, 105 AD2d 813, 814). Accordingly, the police were properly permitted to testify as to the bloodstains they saw upon the defendant's floor, bed and refrigerator. Moreover, the subsequent entry into the apartment by the police was consented to, and a slipper and billy club, which were in plain view, were thus properly received in evidence.

We also conclude that, under the circumstance of this case, the defendant was not undergoing custodial interrogation during the evening and early morning of August 26 to 27, 1984. During that period the defendant was free to, and did, in fact, leave the precinct and was not thereafter arrested until some 10 days had passed. Therefore, the hearing court properly permitted the statements made by him to be admitted into evidence (see, People v Huffman, 41 NY2d 29, 34; Matter of Kwok T., 43 NY2d 213, 219-220; People v Yukl, 25 NY2d 585, 589, rearg denied 26 NY2d 845, cert denied 400 US 851; People v Oates, 104 AD2d 907, 910-912).

We have considered the defendant's other arguments and find them to be without merit. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.