■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT STOKLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 24, 1983, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to, and items seized by, law enforcement authorities.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing amply supports the hearing court's determination that the defendant's statements to law enforcement officials were admissible. The defendant had accompanied a two-year-old child to the hospital where the child died that same afternoon. After being advised by a doctor that the child had some lacerations and possibly died of internal bleeding, a police detective questioned the defendant at the hospital. Such on-the-scene noncustodial questioning of a witness is investigative in nature and does not require that the *Miranda* warnings be given *(see, e.g., People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Dorsey,* 118 AD2d 653, *lv denied* 67 NY2d 1052).

Later that same day, the defendant voluntarily accompanied the police to the precinct for further questioning along with the child's mother and other witnesses. The defendant was not restrained in any way and was permitted to leave the precinct afterwards. Since the defendant was not in custody, no *Miranda* warnings were required *(see, e.g., People v Anderson,* 127 AD2d 774, *lv denied* 69 NY2d 947; *People v Oates,* 104 AD2d 907).

Finally, the evidence supports the hearing court's determination that the defendant was not in custody when he was

questioned by a detective two days later in his hotel room. Again, the defendant was not restrained in any way, and the detective left the premises after their short conversation. Under the circumstances, a reasonable man, innocent of any wrongdoing, would not have considered himself to be in custody *(see, People v Yukl, supra)*. When the defendant was taken into custody three days after the child's death, he was properly advised of his *Miranda* rights prior to questioning by law enforcement officials.

The defendant's contention that his statements, as well as physical items seized from the premises, should have been suppressed due to his warrantless arrest is unpreserved for review since this issue was not raised before the suppression court *(see, e.g., People v Smith,* 55 NY2d 888; *People v Martin,* 50 NY2d 1029).

The evidence, when viewed in a light most favorable to the People, was legally sufficient to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The contentions raised in the defendant's *pro se* brief are either unpreserved for review or are without merit. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.