■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HARRIS, Also Known as WESLEY HARRIS, Appellant.—

Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered October 27, 1986, convicting him of burglary in the second degree under indictment No. 6824/85, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court (Goldstein, J.), rendered October 28, 1986, revoking a sentence of probation previously imposed by the same court under indictment No. 3605/85, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment. The appeal from the judgment rendered under indictment No. 6824/85 brings up for review the denial (Greenberg, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to a law enforcement officer.

Ordered that the judgment and the amended judgment are affirmed.

The defendant was found inside the complainants' house without permission at 3:30 in the morning. The window was open and the television set had been moved. The defendant tried to run and, after a brief struggle, he was subdued and held until the police arrived. The police officer who responded to the complainants' 911 telephone call entered the living room and found the defendant sitting on the couch unrestrained with a slight bruise on his face incurred during the struggle. The officer asked the defendant what he was doing in the house and the defendant answered that he knew "these people" and that they let him in. One of the complainants denied the defendant's claim and he then admitted that he was there to take the television set.

We agree with the hearing court's denial of that branch of the defendant's omnibus motion which was to suppress statements. The evidence is clear that he was not in custody until after he made the inculpatory statement and that the officer's single question as to the reason for his presence in the house had an investigatory purpose which did not require the giving of *Miranda* warnings *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Stokley,* 134 AD2d 542, *lv denied* 70 NY2d 960).

We have reviewed the defendant's other contentions, including his claim that the sentence imposed was excessive, and find them to be without merit. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.