■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MICHAEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 7, 1988, convicting him of burglary in the second degree, criminal mischief in the third degree, petit larceny and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of a burglary which occurred at a residential premises located at 157-57 Rose Avenue in Flushing, Queens, on May 12, 1987. The defendant argues, *inter alia,* that he was denied his right to the effective assistance of counsel because the attorney who represented him at his arraignment in Criminal Court failed to inform him of his right to testify before the Grand Jury and the same attorney had a conflict of interest in that he simultaneously

represented the defendant's accomplice at the arraignment. We disagree.

We note initially that at the CPL 190.50 hearing the defendant testified that his counsel at the arraignment fully informed him of his right to testify before the Grand Jury, and advised him to write to the office of the Queens County District Attorney, whose address counsel supplied, to alert the prosecution of his intention to testify (cf., People v Lynch, 138 Misc 2d 331). In addition, it appears that the codefendant entered a plea of guilty on January 7, 1988, and the defendant has not demonstrated in what way his original counsel's purported "conflict of interest" impaired the representation of the defendant by other counsel during the subsequent proceedings and the defendant's trial (see, People v Alicea, 61 NY2d 23).

The defendant also argues on appeal that the branch of his omnibus motion which was to suppress physical evidence should have been granted. This argument must also be rejected. Police Officer McNamara testified that he received a "suspicious persons" radio dispatch when he was one or two blocks from the subject premises. He arrived on the scene within a matter of minutes and observed the defendant and another man emerging from the front door carrying various items of property. This combination of factors sufficed to supply the officer with reasonable suspicion to stop and make inquiry of the defendant (see, People v De Bour, 40 NY2d 210). Thereafter, the two men dropped the property that they were carrying, and when McNamara properly asked where they had obtained the property (see, CPL 140.50 [1]; People v De Bour, supra, at 223; Terry v Ohio, 392 US 1), the defendant responded that "[w]e found [it] by the park". This answer, coupled with McNamara's observation of the suspects emerging from the subject premises with the property, provided him with probable cause to make an arrest, as well as the right to search the two men, and to seize the property that they had been carrying, as incident to the lawful arrest.

The defendant further argues that the prosecutor's inflammatory summation deprived him of a fair trial. However, the remarks in question were not objected to and are therefore unpreserved for appellate review (see, CPL 470.05 [2]). Under the circumstances of this case, in which the evidence adduced cannot be characterized as anything less than overwhelming, we are not disposed to exercise our interests of justice jurisdiction. We would, however, take this opportunity to again remind District Attorneys of their "continuing obligation to

clearly and firmly instruct their trial assistants to refrain from using improper tactics and, through periodic observation, to assure that these instructions are adhered to" *(People v Roopchand,* 107 AD2d 35, 37, *affd* 65 NY2d 837).

A review of the record indicates that the defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining arguments, including those raised in his *pro se* supplemental brief, and find them to be without merit. Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.