■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered December 17, 1984, convicting him of arson in the second degree, assault in the second degree (two counts), reckless endangerment in the first degree (two counts) and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant, Andres Carrasco, were

tried and convicted for arson and related charges arising out of a fire that damaged a Brooklyn apartment building in March 1983. The conviction of the codefendant Carrasco was reversed and a new trial ordered on the basis of the inadmissibility of an inaudible tape recording of a conversation between an informant and Carrasco (see, People v Carrasco, 125 AD2d 695). The defendant now argues that he is entitled to a new trial for this reason also. We disagree.

In contrast to the circumstances involving the codefendant Carrasco, the defendant was not unduly prejudiced by the erroneous admission of the tape recording. First, apart from the recorded conversation, the remaining evidence against the defendant was quite strong, unlike the much weaker case against Carrasco. The informant testified at trial that she overheard two conversations—directly before and after the fire—in which the defendant virtually admitted his involvement in the fire. Thus, even excluding the tape recording, there was ample evidence to support the defendant's conviction. Second, the recorded conversation contained absolutely no references, either direct or indirect, to the defendant. Accordingly, any possible prejudice to the defendant by the admission of the tape recording was minimal, and any error was harmless (see, People v Crimmins, 36 NY2d 230).

We also reject the defendant's contention that a mistrial should have been granted on the basis of the introduction of evidence of prior uncharged crimes. The references to an unrelated fire were brief and adequately cured by the court's clear instructions to disregard them (see, People v Santiago, 52 NY2d 865; People v Young, 48 NY2d 995; People v Martin, 154 AD2d 554; People v Jalah, 107 AD2d 762).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.