■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RODRIGUEZ, Appellant.—Judgments, Supreme Court, New York County (Eve Preminger, J.), rendered March 8, 1988 and April 6, 1989, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree and sentencing defendant to concurrent terms of 20 years to life, 1½ to 4½, and 1 to 3 years, respectively, unanimously affirmed.

Defendant was convicted of murder and other charges for

the sidewalk shooting of Nelo Reyes during an argument in broad daylight in upper Manhattan on August 22, 1986. Three days after the murder, an eyewitness, David Benito, identified defendant as the perpetrator from a single photograph shown him by police officers. In his Grand Jury testimony, Benito stated that prior to the murder, he had seen defendant entering the store where he worked at least 48 times. On August 27, 1986, defendant was apprehended in immediate flight from an armed robbery. The weapon possessed by defendant at that time, a .38 caliber revolver, was proved by ballistics evidence to be the murder weapon. At that time, a toy cap pistol was also recovered.

Initially, defendant argues that the trial court erred in summarily denying his motion to suppress Benito's identification. We disagree. In view of Benito's Grand Jury testimony, it was clear that the photographic display was merely confirmatory in nature, and that there was no potential suggestiveness in displaying the photograph to Benito. *(People v Fleming,* 109 AD2d 848.) Under these circumstances, it was unnecessary to conduct a hearing on the motion to suppress *(People v Vargas,* 118 Misc 2d 477).

Defendant's challenge to the court's discharge of a sworn juror has not been preserved for appellate review as a matter of law. Although *People v Page* (72 NY2d 69) makes clear that the trial court, when discharging a sworn juror, must make a complete statement of its reasons on the record, we can only infer from the silent record in the present case that defendant had acquiesced in the substitution of jurors.

Defendant's challenges to the prosecutor's summation comments do not require reversal in view of the overwhelming evidence of defendant's guilt.

Similarly, questions propounded by the prosecutor at trial regarding the toy pistol recovered following the unrelated robbery could hardly have prejudiced defendant, especially in view of the fact that the court admonished the jury not to consider them. Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.