■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD BRAITHWAITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered April 18, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The testimony adduced at the suppression hearing revealed that on the night of May 5, 1988, Police Officer Trevel and his partner were patrolling an area in Brooklyn known for drug trafficking. They saw a group of men talking on the street. Two of the men, upon seeing the police officers, became visibly nervous, turned away from the group, and began walking away at a very fast pace. The police officers followed the men in their car. Police Officer Trevel exited the car, held up his shield, and told the men that he wanted to speak to them. The defendant walked towards him, then turned around, reached into his waistband, and dropped a gun. When Officer Trevel walked towards him, the defendant ran away. The gun was recovered and the defendant was subsequently arrested.

It is well established that, in the absence of any indication of criminality, a police officer may stop a citizen on the street for the purpose of inquiry if he or she can point to articulable

facts which warrant the intrusion *(see, People v De Bour,* 40 NY2d 210; *see also, People v Bloomfield,* 156 AD2d 572; *People v Harris,* 151 AD2d 777; *People v Tolliver,* 145 AD2d 660; *People v Smith,* 117 AD2d 690). In this case, the police officers had an objective credible reason to approach the defendant and their actions in attempting to do so were lawful *(see, People v De Bour, supra; see also, People v Harrison,* 57 NY2d 470; *People v Tolliver, supra; People v Smith, supra).* Where the initial approach constitutes legitimate and lawful conduct, the recovery of property discarded by the defendant as a result of that approach is also lawful *(see, People v Leung,* 68 NY2d 734; *People v Perez,* 154 AD2d 406). In any event, we find that the defendant's conduct in discarding the gun constituted an abandonment *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Greene,* 150 AD2d 604). Insofar as the defendant seeks to use testimony adduced at trial to establish unlawful police conduct, it is well settled that trial testimony may not be considered in reviewing a hearing court's denial of a defendant's motion to suppress evidence *(see, People v Malone,* 121 AD2d 657; *People v Anderson,* 127 AD2d 774).

We note that the trial court should not have permitted the People's ballistics expert to testify that the gun had been discharged shortly before its recovery. The ballistics expert had already testified that the gun was operable. Under the circumstances, there was no need for him to elaborate on this point in light of the potential prejudice to the defendant. However, we conclude that any prejudice to the defendant was dispelled by the trial court's prompt curative instructions *(see, People v Santiago,* 52 NY2d 865; *People v Santiago,* 155 AD2d 628).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see, People v Battles,* 141 AD2d 748), without merit *(see, People v Suitte,* 90 AD2d 80), or harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230). Brown, J. P., Kooper, Harwood and Miller, JJ., concur.