■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN R. ADDISON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered January 16, 1987, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (three counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On January 28, 1986, the defendant and his two confederates known as "Knowledge" and "Understanding" approached the victim in a high school gymnasium during a basketball game and asked the value of the victim's leather coat. After the victim and a female companion left the gym, the defendant and his cohorts followed, demanding that the victim turn over his jacket. When the zipper jammed and victim was unable to remove the coat, the defendant asked "should I pop him" to which his friends replied, "Pop him, pop him". The defendant then removed a .22 caliber gun from under his coat and shot the victim in the head from a distance of two to three feet.

One of the defendant's associates testified that at the prison, the defendant "spoke about his lawyer telling him to say that I did it, his lawyer is telling him to say that I did it". This accusation caused defense counsel to shout "He is a liar. I

want to have a mistrial". The record reveals that one of the jurors smiled after defense counsel's outburst and the court promptly admonished counsel and instructed the jury to disregard his remarks. The court then gave a comprehensive instruction that the jury was to disregard any conversations at the jail as they had no bearing on the defendant's guilt or innocence. The defendant urges on appeal that this testimony called his counsel's credibility into question and was tantamount to accusation of an uncharged crime. We disagree.

A mistrial motion is directed to the sound discretion of the trial court (see, People v Ortiz, 54 NY2d 288). This witness's brief and obscure reference did not rise to a level of prejudice so that a mistrial was warranted. Further, the prompt curative instructions ameliorated any potential for prejudice (see, People v Braithwaite, 172 AD2d 548; People v Lopez, 169 AD2d 782; People v Santiago, 155 AD2d 628).

The failure of the police to preserve a photographic array "gives rise to an inference" that the array was impermissibly suggestive (People v Stokes, 139 AD2d 785; People v Bratton, 133 AD2d 408). However, a subsequent in-court identification of the defendant will be permitted if it can be shown that it was based upon the witness's recollection founded upon his or her opportunity to observe the perpetrator at the time of the crime, independent of the suggestive identification procedure (see, People v Adams, 53 NY2d 241; People v Rahming, 26 NY2d 411; People v Watkins, 121 AD2d 583). When a witness and a defendant are known to each other, the identification is confirmatory in nature and there is no "identification" within the purview of CPL 710.30 (see, People v Tas, 51 NY2d 915; People v Gissendanner, 48 NY2d 543; People v McNeill, 129 AD2d 818; People v Mallory, 126 AD2d 750; People v Fleming, 109 AD2d 848).

We find that the Supreme Court properly admitted the in-court identification testimony of one of the witnesses who gave testimony before the Grand Jury after an in camera inspection of his Grand Jury testimony established that he and the defendant were previously known to one another (see, People v Rodriguez, 167 AD2d 146). As such, the identification was confirmatory in nature and the witness was properly permitted to make an in-court identification of the defendant. The procedure of inspecting a witness's Grand Jury testimony following the People's representation that there is a prior relationship between the defendant and the witness serves the dual goals of protecting witnesses who are justifiably fearful of reprisals and affording the defendant the opportunity to ques-

tion the prior relationship through a voir dire outside the presence of the jury. As the defendant did not request a voir dire and did not challenge the prior association with the witness, we perceive of no due process violation *(see, People v Vargas,* 118 Misc 2d 477).

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.