■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SARGEANT, Also Known as DAVID SARGENT, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered April 13, 1988, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of 2⅓ to 7 years imprisonment on the convictions of criminal possession of a weapon in the third degree, to run consecutively to an indeterminate term of 25 years to life imprisonment on the conviction of criminal possession of a controlled substance in the first degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision that certain of the terms of imprisonment shall run consecutively and substituting therefor a provision that all terms of imprisonment shall run concurrently to one another; as so modified, the judgment is affirmed.

The defendant has standing to challenge the legality of the search of the codefendant's apartment in which he was present, because he was charged under the statutory presumption of possession of Penal Law § 220.25 (2) *(see, People v Wesley,* 73 NY2d 351, 360; *People v Millan,* 69 NY2d 514). We find, however, that the hearing court's ruling that the search was proper should not be disturbed. The court found that the police acted appropriately in entering the apartment to disarm the defendant when they observed him in the doorway holding a gun, at which time they observed drugs and drug paraphernalia in plain view *(see, People v Anderson,* 127 AD2d 774, 775; *People v Green,* 103 AD2d 362, 364; *People v Cruz,* 89 AD2d 526). The determination was based upon assessments of credibility that are primarily for the hearing court, which had an opportunity to see and hear the witnesses, and its finding was not clearly erroneous *(see, People v Cartier,* 149 AD2d 524, *cert denied* 495 US 906; *People v Garafolo,* 44 AD2d 86). Moreover, contrary to the defendant's position, trial testimony is not properly considered in evaluating the suppression ruling on appeal *(see, People v Gonzalez,* 55 NY2d

720, 721-722, *cert denied* 456 US 1010; *People v Anderson, supra; People v Malone,* 121 AD2d 657).

In addition, the defendant was apprehended in close proximity to almost eight ounces of crack cocaine and paraphernalia used to package the crack for sale which were in plain view. Accordingly, the evidence was legally sufficient to support the defendant's conviction for criminal possession of a controlled substance in the first degree *(see,* Penal Law § 220.21 [1]; § 220.25 [2]; *People v Alexander,* 152 AD2d 587, 588; *People v James,* 151 AD2d 606, 607). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the sentence was excessive to the extent indicated herein.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.