■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN ENCARNACION, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered October 23, 1989, convicting him of criminal sale of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 10, 1988, at approximately 7:30 P.M., the defendant was arrested after he had been observed throwing a black vinyl bag to the ground. The defendant had thrown the bag to the ground as he was walking along the street in one direction toward a waiting police officer, and as he was looking over his shoulder toward a second police officer who was then approaching him from the opposite direction. Immediately after having dropped the bag, the defendant, his head

turned backwards, bumped into the first officer, who then placed him under arrest.

On appeal, the defendant argues, among other things, that his arrest was not supported by probable cause, since it was based on nothing more than his presence in an area known to be the site of narcotics-related transactions. He asserts that the evidence discovered inside the black vinyl bag approximately 90 seconds after his arrest must, therefore, be suppressed.

We may assume, without necessarily deciding, that the search and subsequent seizure of the defendant's bag cannot be justified as having been incident to a lawful arrest *(cf., United States v Chadwick,* 433 US 1; *People v Gokey,* 60 NY2d 309; *People v Smith,* 59 NY2d 454; *People v Ruffin,* 133 AD2d 425).* However, the search and seizure of the bag are justifiable pursuant to a different exception to the warrant requirements: the doctrine which permits warrantless searches of abandoned property *(see, Abel v United States,* 362 US 217; *Hester v United States,* 265 US 57; *see also, People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023; *People v Braithwaite,* 172 AD2d 548; *People v Kosciusko,* 149 AD2d 620).

Pursuant to this doctrine, property which has been abandoned by its owner may generally be searched by the police, provided that the abandonment itself was not provoked by illegal police conduct *(see, People v Leung,* 68 NY2d 734; *People v Howard, supra; People v Braithwaite, supra).* In the present case, the defendant's decision to abandon his property cannot be attributed to any illegal police conduct. The defendant had apparently not even noticed the presence of the officer toward whom he was walking, and the officer whom he had apparently observed was not pursuing him at the time that the abandonment occurred *(cf., California v Hodari D.,* 499 US —, 111 S Ct 1547).* Moreover, as the area had been the site of narcotics-related transactions, either officer would have been authorized to not only approach the defendant, but also to question him *(see, People v De Bour,* 40 NY2d 210; *People v Hopkins,* 163 AD2d 416; *People v Balanco,* 158 AD2d 367; *People v Braithwaite, supra).*

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.