■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BARBER, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J., at pretrial hearing; William T. Martin, J., at trial), entered March 16, 1989, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of imprisonment of 25 years to life, unanimously affirmed.

Defendant contends that it was reversible error for one of the witnesses to identify him in court, four years after the murder, when no pretrial identification procedure had been conducted. While other relief might have been available to defendant at trial, within the court's discretion, such as

conducting a midtrial identification procedure, or seating defendant somewhere other than at the defense table during that witness's testimony *(see, e.g., People v Benjamin,* 155 AD2d 375, *lv denied* 75 NY2d 867), defendant made no such request, nor did he object when the prosecutor mentioned the witness's anticipated testimony, or at any point during the witness's testimony. Defendant only objected to the identification after the jury had begun to deliberate, and thus the issue is wholly unpreserved. Furthermore, it appears from the record that as a matter of strategy, both counsel and defendant, who took an active part in the defense, chose instead to challenge the identification as essentially worthless under the circumstances, and attack the general credibility of the witness. Since the record establishes that the weaknesses of the witness's testimony, and the identification in particular were thoroughly explored on cross-examination and in summation, and in light of the other evidence against defendant, any error in the admission of such testimony was harmless.

Defendant, in a *pro se* supplemental brief, also contends that the hearing court should have suppressed the identification of a second witness, since, when the latter was interviewed by detectives, he was shown only defendant's photograph and identified him as the shooter. The court correctly concluded that in light of the prior relationship between the witness and defendant, this was only a confirmatory identification, and that the use of only one photograph was not unduly suggestive *(People v Rodriguez,* 167 AD2d 146, 147, *lv granted* 77 NY2d 1000). Evidence casting doubt on the existence or length of the prior relationship presented an issue of fact for the jury, but did not require suppression.

Defendant also challenges the sufficiency of the evidence, based on the inconsistencies in the testimony of both civilian witnesses. However, viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence was sufficient to support the verdict. The jury was entitled to credit the witnesses' explanations for these inconsistencies, and we find no reason on the record before us to disturb the jury's determination. We have examined defendant's remaining contentions, and find them to be without merit. Concur—Sullivan, J. P., Carro, Ross, Asch and Smith, JJ.