■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FREDERICK ADRION, ANTHONY GRADO, FRANK SCARPATI and SAMUEL TORLONE, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County (Moskowitz, J.), dated October 2, 1990, which, after a hearing, granted those branches of the defendants' separate motions which were to suppress physical evidence.

Ordered that the order is reversed, on the law, those branches of the defendants' motions which were to suppress physical evidence are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

Contrary to the conclusions of the hearing court, we find that the arrests of the four defendants were predicated upon probable cause. The arresting agent of the Federal Bureau of Investigation (hereinafter FBI) was aware, via a complaint from the corporate complainant, that sometime between October 6, and October 8, 1989, 589 cartons of luggage were stolen from a truck parked in New Jersey. He was also aware that the cartons were marked, "Samsonite, Stratford, Ontario" and, "Made in Korea". Additionally, on October 18, 1989, the agent received a communication from the Newark FBI office, that a confidential informant had provided information that the stolen luggage could be found in a rented Ryder truck parked at 527 East 86th Street, Canarsie, Brooklyn. Armed with this information, the agent immediately commenced surveillance of the address indicated. In the driveway of the designated house, the agent observed a Ryder truck, which he followed to a common party easement driveway several blocks away. From a vantage point on a public street, he observed the four defendants unloading cartons from the truck into a garage along the driveway that serviced the houses on either side. He then proceeded down the driveway where he observed that the cartons bore the same notations as appeared on the stolen cartons. Without any show of force, the agent inquired

whether the defendants had a bill of lading for the merchandise or could identify its consignee. The defendant Grado indicated that he had no bill of lading and could not identify the consignee. After several more questions elicited improbable responses, the four defendants were placed under arrest.

There is no merit to the defendants' contentions that probable cause could not be demonstrated absent the testimony of the confidential informant. Although a *Darden* hearing *(see, People v Darden,* 34 NY2d 177) would have been necessary to establish the existence of the informant as a necessary step toward establishing the reliability of the information provided and the basis of the informant's knowledge *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) if the arrests were based exclusively thereon, the arresting agent did not place the defendants under arrest predicated solely upon the information provided by the informant. In light of the refusal of the FBI to produce the informant, the information provided by the informant was equivalent with that provided by an anonymous tip. Such information may be utilized in determining the existence of probable cause, but only where independent observations by the police are sufficiently confirmatory of criminal activity *(see, People v Elwell,* 50 NY2d 231). In the instant case, the combination of information available to the arresting FBI agent prior to his initial approach to the defendants clearly gave rise to a reasonable suspicion that the defendants were in possession of the stolen luggage *(see, People v Restrepo,* 173 AD2d 652). Prior to any seizure *(cf., People v Carrasquillo,* 54 NY2d 248), he was clearly justified in proceeding down the common driveway, in which none of the defendants established that they had a reasonable expectation of privacy *(see, People v Wesley,* 73 NY2d 351; *People v Alberti,* 111 AD2d 860). The noncustodial investigatory interrogation that followed was equally unobjectionable. The FBI agent's observations that the boxes bore the same markings as the cartons containing the stolen luggage, and the defendants' implausible responses concerning their possession of the cartons *(see, People v Michael,* 152 AD2d 752; *People v Belk,* 100 AD2d 908), gave him probable cause to seize the luggage and to place the defendants under arrest *(see, People v Michael, supra; People v Coley,* 83 AD2d 640).

We have examined the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.