■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMOND DAVIS, Appellant. [631 NYS2d 896] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered August 22, 1994, convicting him of assault in the first degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

It is well settled that trial testimony may not be considered in reviewing a hearing court's denial of a defendant's motion to suppress evidence *(see, People v Braithwaite,* 172 AD2d 548, 549). Because the defendant relies solely on the trial testimony in support of his claim that the cocaine seized from his car should have been suppressed, this claim is not properly before this Court for review *(see, People v Braithwaite, supra,* at 549; *People v Malone,* 121 AD2d 657).

We find no merit to the defendant's claim that he was deprived of the effective assistance of trial counsel. In reviewing such a claim, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi,* 54 NY2d 137, 147; *see, People v Rivera,* 71 NY2d 705, 708; *People v Satterfield,* 66 NY2d 796, 798). Care must be taken to avoid confusing true ineffectiveness with mere losing tactics and "according undue

significance to retrospective analysis" *(People v Baldi, supra,* at 146).

The record reflects that the defense attorney moved to suppress the cocaine, searched for witnesses to support the defendant, prepared a trial strategy and pursued that strategy during cross-examination of the People's witnesses, provided cogent reasons for not objecting to the admission of certain evidence that might otherwise have not been admitted, successfully moved to dismiss many of the charges against the defendant, and made a sound closing argument. That the strategy pursued did not result in an acquittal of all charges does not require the conclusion that counsel was ineffective *(see, People v Baldi, supra,* at 146). The defendant has failed to demonstrate that any ineptitude by counsel affected the outcome of the trial and, therefore, reversal is not warranted *(see, People v Davidson,* 197 AD2d 701; *People v Finch,* 199 AD2d 278).

The defendant's remaining claims are either without merit or unpreserved for appellate review. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.