■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY RUSH, Appellant. [646 NYS2d 872] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered January 11, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and a statement made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the police officer's pretrial hearing testimony failed to establish that his appearance matched the eyewitness descriptions of the perpetrator, which is raised for the first time on appeal, is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Weston,* 56 NY2d 844, 845). In any event, based on its own review of the lineup photographs, the court could have determined that the defendant reasonably fit the descriptions *(see, People v Dodt,* 61 NY2d 408, 415). Accordingly, a finding that those descriptions

did match the photograph may be implied from the court's determination *(see, People v Patrick CC,* 46 NY2d 975, 976; *People v Alfinito,* 16 NY2d 181, 186). Moreover, the police officer had probable cause to arrest the defendant based on the eyewitness reports of the incident and the information from the deceased's family that the defendant, who was driving his white van, had picked up the deceased that morning and that there was a dispute between them. The facts and circumstances were such that viewed together, a reasonable person who possessed the same expertise as the arresting officer would have had a sufficient factual predicate to make the arrest *(see, People v Sargeant,* 174 AD2d 767; *see also, People v Dawkins,* 163 AD2d 322, 324).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 83).

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.