■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY HAWKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered November 18, 1987, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Juviler, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On December 6, 1985, at approximately 5:30 A.M., the defendant was stopped by police officers while driving his mother's car on West 8th Street and Surf Avenue in Brooklyn. The police were acting on the anonymous complaint by a transvestite prostitute in the area who claimed to have been robbed at gunpoint. The complainant's description, including the license plate number, matched the vehicle the police observed approximately three blocks from the scene of the robbery. After the defendant was stopped, he got out of his car. While one officer approached the defendant the other officer directed a flashlight into the car and observed the barrel of a gun protruding from underneath the driver's seat. A loaded .22 caliber revolver was recovered and the defendant was charged with criminal possession of a weapon in the third degree. The defendant's motion to suppress the weapon was denied.

We find that the hearing court properly denied suppression of the weapon. Initially, we note that the police acted appropriately in stopping the defendant's car based on the report of an armed robbery and the exact match between the description given by the victim of the assailant's car and the defendant's car. Further, the police officer's act of observing the interior of the car with the aid of a flashlight to reveal evidence that would have been in plain view but for the darkness was not an unreasonable intrusion (see, People v Smith, 157 AD2d 813; People v Perez, 135 AD2d 582; People v Hernandez, 125 AD2d 492).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.