■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MONFORTE, Appellant.—Appeal by the defendant

from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 7, 1989, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On October 15, 1987, at approximately 11:50 A.M., Police Officer Joseph Aiello and his partner received a radio call that two white males were sitting in a brown vehicle at a specified location using drugs. The radio call was the product of information given to police by an undisclosed civilian. Upon arriving at the specified location, the officers observed a brown Cadillac containing two white males, parked with two wheels on the sidewalk.

The officers alighted from the police vehicle and approached the Cadillac from behind, with the intention of issuing a summons for illegal parking. Officer Aiello, approaching on the passenger side of the Cadillac, could see directly in the vehicle's interior through a wide-open window. The defendant was seated in the driver's seat and his codefendant was in the passenger seat. Upon requesting the vehicle's registration, Officer Aiello observed a clear, plastic, zip lock bag containing a white substance situated between the occupants of the vehicle. The officers removed the occupants and, in doing so, observed a .38 caliber handgun on the floor of the vehicle. Both suspects were placed under arrest and a subsequent inventory search produced a large quantity of cocaine in various packages, and assorted drug paraphernalia.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence. The specificity and congruity between the information provided by the anonymous tip and the circumstances actually encountered authorized the police to approach the parked vehicle to inquire (see, People v Hollman, 79 NY2d 181; People v Russ, 61 NY2d 693, 694-695; People v Batash, 163 AD2d 399, 400; People v Hawkins, 161 AD2d 802, 803). In any event, it was clearly within the police officers' authority to approach an illegally parked vehicle so as to enforce the Vehicle and Traffic Law (see, People v Solano, 179 AD2d 791; Vehicle and Traffic Law § 401 [4]). Since the police officers peered into the vehicle from a lawful vantage point, they were

justified in seizing contraband which came into their plain view *(see, Coolidge v New Hampshire,* 403 US 443, 446; *People v Manganaro,* 176 AD2d 354; *People v Baldanza,* 138 AD2d 722, 723). Moreover, contrary to the defendant's contention, the viewing of a clear, plastic, zip lock bag containing white powder by a police officer trained and experienced in the field of narcotics, gave the police probable cause to arrest him *(see, People v Ricciardi,* 149 AD2d 742, 743). Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.