■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN DIAZ, Appellant. [599 NYS2d 111] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Scarpino, J.), rendered January 4, 1991, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the police acted unlawfully in approaching the vehicle he was operating, seizing a bag of crack cocaine from the vehicle, and placing him under arrest. The officers clearly had a reasonable suspicion to approach the stopped vehicle for the purpose of conducting an inquiry based upon information of drug transactions conveyed to them by an informant, their own observations which corroborated the informant's statements, and the suspicious flight of two passengers from the vehicle at a location known for drug activity *(see, People v Martinez,* 80 NY2d 444; *People v Hollman,* 79 NY2d 181; *People v Leung,* 68 NY2d 734; *People v Monforte,* 183 AD2d 851). Moreover, the actions of one officer in fully opening a passenger door which had been left ajar and in shining a flashlight into the vehicle constituted appropriate protective measures given the fact that the defendant was still seated in the automobile *(see, People v Jackson,* 79 NY2d 907; *People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966). Upon observing the bag of narcotics on the floor of the car, the officer was entitled to seize it *(see, People v Monforte, supra; People v Manganaro,*

176 AD2d 354; *People v Coggins,* 175 AD2d 924) and to place the defendant under arrest.

Additionally, the trial court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30, wherein the defendant challenged the suppression ruling upon the ground that the trial testimony contradicted the hearing testimony. It is well settled that trial testimony may not be considered in evaluating a suppression ruling on appeal *(see, People v Riley,* 70 NY2d 523, 532; *People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 100; *People v Denny,* 177 AD2d 589, 590; *People v Sargeant,* 174 AD2d 767). Thus, where the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling *(see, People v Denny, supra).*

However, the trial court erred in admitting into evidence empty vials recovered from the codefendant's person upon his arrest, since the vials had no probative value and served only to prejudice the defendant. Nevertheless, the admission of the vials does not require reversal, since the error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.