■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORNA JOHNSON, Appellant. [619 NYS2d 154] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 19, 1988, convicting her of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and bribery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant sought to suppress the cocaine that the police had seized from the basement ceiling below the store where she worked. Contrary to the defendant's contention, the hearing court properly found that she did not satisfy her burden of showing that she had a reasonable expectation of privacy in the basement (see, People v Wesley, 73 NY2d 351; People v Rodriguez, 69 NY2d 159). While the basement was not a public area, the defendant testified at the hearing that her only connection with it was her occasional use of the bathroom. She also testified that she did not keep personal property there, and her contention that she was the store's manager in the absence of the owner is belied by her testimony that she was not responsible for rental payments on the store's lease, that she did not pay the other employees, and that she did not have supervisory power over them. The defendant testified that, for a very brief period of time, she had purchased supplies for the store, stocked its shelves, and received deliveries. She also testified that none of the store's supplies were kept in the basement. There was no testimony at the hearing that the defendant had or exercised the right to exclude others from the basement. While there was such testimony at trial, that evidence cannot be considered in evaluating the propriety of the suppression ruling on appeal, especially since there was no request to reopen the suppression hearing and there has been no showing to justify the defendant's failure to produce that evidence at the hearing (see, People v Diaz, 194 AD2d 688; People v Sargeant, 174 AD2d 767; People v Wilkerson, 108 AD2d 831). Under these circumstances, the hearing court's determination that the defendant lacked standing to challenge the search of the basement and the seizure of the drugs therefrom was proper (see, People v Rodriguez, supra).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) and giving it the benefit of every reasonable inference to be drawn therefrom *(see, People v Giuliano,* 65 NY2d 766, 768), we find that the circumstantial evidence that was adduced at trial is legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the first degree beyond a reasonable doubt. That evidence establishes that the defendant exercised a sufficient level of control over the basement area to support the jury's finding that she had constructive possession of the drugs that were recovered from the basement ceiling *(see,* Penal Law § 10.00 [8]; *People v Manini,* 79 NY2d 561; *cf., People v Pearson,* 75 NY2d 1001). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.