■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GOLD, Appellant. [670 NYS2d 789] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered February 5, 1996, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant challenges the trial court's suppression ruling upon the ground that the trial testimony of a prosecution witness contradicted the hearing testimony of that witness. It is well settled that trial testimony may not be considered in evaluating a suppression ruling on appeal (*see, People v Riley,* 70 NY2d 523, 532; *People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 1010; *People v Johnson,* 209 AD2d 721; *People v Diaz,* 194 AD2d 688; *People v Denny,* 177 AD2d 589, 590; *People v Wilkerson,* 108 AD2d 831). Where, as here, the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling (*see, People v Johnson, supra; People v Diaz, supra; People v Denny, supra; People v Wilkerson, supra*).

The defendant contends that the defense counsel's elicitation of the underlying facts of a prior conviction after achieving its exclusion following the *Sandoval* hearing (*see, People v Sandoval,* 34 NY2d 371), constituted ineffective assistance of counsel requiring reversal of his conviction (*see, e.g., People v Ofunniyin,* 114 AD2d 1045, 1046-1047). However, contrary to the defendant's contention, the record demonstrates that the trial court had in fact ruled that the underlying facts of that prior conviction could be elicited by the prosecutor on cross-examination.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). The fact that the defendant suffers from a heart condition does not warrant the reduction of his sentence (*see, People v Chesnard,* 175 AD2d 254; *People v Kelsky,* 144 AD2d 386).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.