■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WERNER, Appellant. [725 NYS2d 681] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered May 8, 1998, convicting him of murder in the second degree, attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McGann, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

On the night of September 26, 1995, the defendant and Donnell Hubbert entered the Wise Dairy Farm grocery on Mott Avenue in Far Rockaway. The defendant was wearing a black ski mask and carrying a loaded 12-gauge shotgun. While attempting to hold up the grocery store, the defendant shot Sung Ju Hong in the abdomen, killing him.

The defendant was picked up as he was running away from the scene. As the officers closed in, the defendant threw away the black ski mask. Following his arrest, the defendant waived his *Miranda* rights four times and gave two written statements as well as a videotaped confession.

Under the totality of the circumstances, the evidence adduced at the suppression hearing strongly supports the court's

conclusion that the defendant's will was not overborne at the time he made his self-incriminating statements (*see, People v Anderson,* 42 NY2d 35, 41; *People v Woods,* 141 AD2d 588, 589). The defendant's arguments on this issue are based on his own trial testimony. However, it is well established that a defendant may not use trial testimony to challenge the propriety of a suppression court's ruling (*see, People v Riley,* 70 NY2d 523, 532; *People v Gold,* 249 AD2d 414).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.