■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MCFARLANE, Appellant. [794 NYS2d 660]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered May 15, 2003, convicting him of rape in the second degree, endangering the welfare of a child, and disseminating indecent material to minors in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Boklan, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court properly determined, after a hearing, that the People established the voluntariness of the defendant's inculpatory statements. On appeal, the defendant improperly relies on his trial testimony to challenge that determination. "Where, as here, the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling" (*People v Gold*, 249 AD2d 414, 415 [1998]; *see People v Werner*, 284 AD2d 419, 420 [2001]).

The defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the record as a whole reveals that the defendant was afforded meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Baldi*, 54 NY2d 137, 147 [1981]). The defendant failed to demonstrate that there were no strategic or other legitimate explanations for his attorney's alleged shortcomings, and therefore failed to overcome the presumption that "counsel acted in a competent manner and exercised professional judgment" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Taylor*, 1 NY3d 174, 177 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]).

The County Court providently exercised its discretion in imposing $1,000 fines on the defendant for each of his felony convictions (*see* Penal Law § 60.05 [7]) notwithstanding that he realized no financial gain therefrom (*see* Penal Law § 80.00 [2]). "[A] fine for a felony, when initially authorized by article 60, may be imposed, irrespective of whether the defendant gained money or property [L. 1977, c. 352; § 80.00]" (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 80, at 5).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are not preserved for appellate review, without merit, or constitute harmless error in view of the overwhelming evidence of guilt. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.