■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUISE BOYNTON, Appellant. [826 NYS2d 437]—Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered June 2, 2003, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The County Court properly determined, after a hearing, that

the People established the voluntariness of the defendant's statements to the police. On appeal, the defendant improperly relies solely on his trial testimony to challenge that determination. "Where, as here, the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling" (*People v Gold,* 249 AD2d 414, 415 [1998]; *see People v McFarlane,* 18 AD3d 577, 578 [2005]; *People v Werner,* 284 AD2d 419, 420 [2001]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the issue of whether a prima facie case had been presented to the grand jury (*see* CPL 210.30 [6]; *People v Bedell,* 272 AD2d 622 [2000]; *People v Taylor,* 225 AD2d 640 [1996]).

The defendant's remaining contentions either are improperly raised for the first time in his reply brief (*see People v Marino,* 13 AD3d 556, 557 [2004]) or are without merit. Crane, J.P., Ritter, Lunn and Covello, JJ., concur.