■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS SORENSON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered May 23, 1983, convicting him of rape in the first and third degrees, sodomy in the first degree (three counts), sodomy in the third degree (three counts), sexual abuse in the first degree, robbery in the first degree (two counts) and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The charges against the defendant stem from an incident occurring on August 14, 1981, at approximately 4:30 P.M., when the then-14-year-old victim was forced to enter her assailant's vehicle, and was robbed, raped and sodomized. During the commission of the crimes, the victim was able to observe her assailant's face several times for 5- to 10-second intervals. She also listened to his voice, as he talked to her repeatedly throughout the incident.

On the same day as the incident, the victim was shown numerous photographs by the police including that of the defendant, and while she failed to select his photograph, she did select the photographs of three individuals who resembled him. Approximately three weeks later, she was again shown photographs, and after viewing several of them, some with simultaneous voice samples, made a positive identification of the defendant's voice and stated that the photograph depicting the defendant resembled her assailant, but that the perpetrator was thinner.

On September 4, 1981, the victim viewed a lineup in which the defendant was one of the participants, and she unhesitatingly identified him as the individual who had perpetrated the crimes against her. It was also determined by the police that the defendant was about 15 pounds lighter when he was

apprehended for the present crime than he was at the time that the photograph which was shown to the victim had been taken.

On this appeal, defendant contends, *inter alia,* that the cumulative effect of the pretrial identification procedures, including the victim's multiple viewing of his photograph, was unduly suggestive and tainted the identification. We agree with the hearing court that the police identification procedures, neither individually nor taken together, were so suggestive as to create a substantial likelihood of misidentification. Also, based on the record, the victim had sufficient opportunity to observe her assailant and to listen to his voice during the commission of the crime to establish an independent basis for her in-court identification of the defendant as the perpetrator (*see, People v Rodriguez,* 64 NY2d 738; *cf. People v Adams,* 53 NY2d 241).

Moreover, reviewing the record in the light most favorable to the People, and bearing in mind that the issues of credibility, reliability and the weight to be given to the various pieces of evidence are for the jury, there is a sufficient quantity and quality of evidence to support the verdict (*People v Malizia,* 62 NY2d 755, 757, *cert denied* — US —, 105 S Ct 327; *People v Contes,* 60 NY2d 620; *People v Gruttola,* 43 NY2d 116).

We have considered defendant's remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.