■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWOOD BOLLING, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered April 18, 1985, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have previously indicated in *People v Malphurs* (111 AD2d 266, 268) that we would view with great caution situations where, as here, a witness tentatively selects more than one photograph of persons resembling the perpetrator and, of the chosen photographs, only the defendant's picture is repeated in a second photographic array containing a small number of photographs not previously shown. However, we are convinced that the photographic identification procedures employed in this case were not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" *(Simmons v United States,* 390 US 377, 384). The victim store manager saw the faces of the perpetrators in his well-lit store for approximately 10 minutes. The second photographic array did not contain the same picture of the defendant that the store operator had picked out as a "possible", but one taken years later. At the second viewing, the store manager, a retired detective, picked out the defendant within one or two seconds. We also agree with the hearing court that the lineup was fair *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020).

We note that the People established by clear and convincing evidence at the suppression hearing that the in-court identification by the store manager and the police officer was based on ample opportunity to view the defendant *(see, People v Malphurs, supra,* at 268).

In addition, the instances of alleged prosecutorial misconduct were not preserved for appellate review (CPL 470.05 [2]) since either no objection was made or the objection was sustained and there was no request for further curative instructions, suggesting that the defendant was satisfied with the court's action *(see, People v Medina,* 53 NY2d 951, 953).

We also determine that the People did not violate the defendant's right to a speedy trial since less than six months of pretrial delay was chargeable to them (CPL 30.30 [1] [a]; 210.20 [1] [g]; 210.45; *see also, People v Jackson,* 145 AD2d 646).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.