■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALEIGH C. JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 5, 1988, convicting him of robbery in the first degree (three counts), assault in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the

defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The record reveals that, approximately one week after the crime, one of the two eyewitnesses viewed an array consisting of six photographs, one of which was of the defendant. Although she did not make a positive identification from the array, the witness tentatively selected the defendant's photograph and that of another individual as resembling one of the attackers. Two days later, the witness viewed a corporeal lineup and positively identified the defendant. After a *Wade* hearing, the court denied the defendant's application to suppress identification testimony, finding that neither the photographic array nor the corporeal lineup was suggestive. The defendant presently contends that the identification testimony of this witness should have been suppressed as the result of an impermissibly suggestive identification procedure, inasmuch as the defendant was the only individual who was both depicted in the photographic array and who appeared in the corporeal lineup. We find the contention unpersuasive.

Unlike the decisions upon which the defendant relies to support his claim, the present case does not involve a situation "where the witness tentatively selects more than one photograph of men resembling the perpetrator and, of the chosen photographs, only the defendant's picture is repeated in a second photographic array containing a small number of photographs not previously shown" *(People v Malphurs,* 111 AD2d 266, 268). Indeed, both *People v Hall* (81 AD2d 644) and *People v Tindal* (69 AD2d 58) stand for the principle that where a witness selects photographs of individuals who resemble the perpetrator and is then shown a photographic array which contains only one of those tentatively selected photographs along with other photographs not previously displayed to the witness, the possibility of irreparable misidentification is great. Hence, procedures involving the repeated display of a single photograph in successive arrays until a positive identification is obtained are viewed with great caution by the courts *(see, People v Bolling,* 148 AD2d 622). However, no similar concerns exist in the matter before us. Here, the eyewitness did not repeatedly view the same photograph of the defendant in successive arrays. Rather, she viewed an array containing a photograph of the defendant and then subsequently viewed the defendant in person during a lineup. Accordingly, the potential for irreparable misidentification is not established in this case, where the witness was not repeatedly subjected to

the same image of the defendant until a positive identification resulted. Moreover, we agree with the hearing court's determination that the photographic array and the corporeal lineup were not suggestive; hence, we discern no basis for disturbing the denial of suppression *(see, People v Fisher,* 143 AD2d 1037).

We have considered the defendant's remaining claims of error, including those raised in his supplemental *pro se* brief, and find them to be unpreserved for appellate review, without merit, or harmless under the circumstances of this case. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.