■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DENNY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 16, 1989, convicting him of rape in the first degree, sodomy in the first degree (two counts), robbery in the second degree, and coercion in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the defendant's contention that the prosecutor was improperly permitted, over defense counsel's objection, to elicit from the investigating detective the fact that the defendant and his codefendant had previously been arrested on an unspecified charge in Manhattan *(see, People v Molineux,* 168 NY 264; *see also, People v Alvino,* 71 NY2d 233; *People v Harris,* 150 AD2d 723). Contrary to the People's argument, defense counsel's cross-examination of the detective did not "open the door" to the admission of such testimony *(see, People v Melendez,* 55 NY2d 445; *see also, People v Crandall,* 67 NY2d 111; *People v McElveen,* 162 AD2d 626). However, in view of the overwhelming evidence against the defendant, the error was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

The defendant's claim that the hearing court improperly denied suppression of the complainant's out-of-court identification is without merit. The evidence at the suppression hearing indicates that on March 17, 1988, when the complainant was shown a photographic array containing a picture of the defendant, she was unable to identify him as being one of the men who had assaulted her during the course of a restaurant robbery that took place on December 20, 1987. However, two days later on March 19, 1988, the complainant identified the defendant from a lineup as one of her assailants. At the trial,

there was evidence that before the complainant viewed the photographic array, a detective told her that the police thought they had one of the perpetrators, that his name was Mark Denny, and that they wanted the complainant to look at the pictures.

Upon viewing the totality of the circumstances surrounding the pretrial identification of the defendant *(see, People v Logan,* 25 NY2d 184, 191, *cert denied* 396 US 1020), there is no basis in the record to disturb the determination of the hearing court *(see, People v Ballard,* 140 AD2d 529). The mere fact that the complainant was unable to pick any photograph from an array in which the defendant's photograph appeared and yet, two days later, pointed him out in the lineup, is not a ground for concluding that the procedure was so conducive to the possibility of irreparable misidentification as to require suppression *(see, People v Jones,* 171 AD2d 757; *People v Chapman,* 161 AD2d 1156; *People v Rivera,* 132 AD2d 582).

Moreover, as a general rule, "the propriety of the denial [of a suppression motion] must be judged on the evidence before the suppression court" *(People v Gonzalez,* 55 NY2d 720, 722, *cert denied* 456 US 1010; *see, People v Gaiter,* 89 AD2d 881). Since the defendant never moved at trial to reopen the *Wade* hearing, he may not now rely upon the trial testimony mentioned above. In any event, advising a witness that the photograph of a particular individual who is a suspect and whose name and face the witness has not yet had the occasion to connect would be included in a photographic array, is not fatal to the propriety of the procedure *(see, People v Rodriguez,* 64 NY2d 738; *People v Smith,* 140 AD2d 647; *People v Ballard, supra; People v Aufiero,* 139 AD2d 656).

Upon the exercise of our factual review power we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur. *[See,* 143 Misc 2d 380.]