■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE SUMPTER, Appellant. [596 NYS2d 158] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered May 31, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hall, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant initially claims that the hearing court erred in failing to suppress the weapon found on his person, inasmuch as the testimony of the arresting officer, who was the sole witness at the suppression hearing, was "incredible as a matter of law", as evidenced by the inconsistencies between the arresting officer's version of the seizure of the weapon and the events leading up thereto and that given by the officer's partner at trial. However, since the defendant never moved at trial to reopen the hearing on this basis, this issue is not properly before this Court (see, CPL 470.05 [2]; People v Denny, 177 AD2d 589, 590; People v Hucks, 175 AD2d 213, 214). Moreover, the propriety of the denial of the defendant's suppression motion should be adjudged upon the evidence before the suppression court (see, People v Gonzalez, 55 NY2d 720, 722, cert denied 456 US 1010; People v Denny, supra; People v Malone, 121 AD2d 657). In any event, the defendant's contention is grounded in attacking the credibility of the arresting officer's testimony, a matter which is primarily for the hearing court's assessment (see, People v Garafolo, 44 AD2d 86, 88). Its determination should be accorded great weight on appeal (see, People v Prochilo, 41 NY2d 759; People v Tromp, 160 AD2d 750). The arresting officer testified at the hearing that he had observed a "butt handle" of what appeared to be a gun protruding from a "bulge" in the waistband of the defendant, whose clothing matched the description contained in a radio report received immediately prior to this observation. Under these circumstances, the officers had an adequate basis for approaching the defendant and seizing the gun from him (see, People v Benjamin, 51 NY2d 267, 271). The inconsistencies unearthed at trial were not fatal to the hearing court's determination (see, People v Denny, supra; People v Malone, supra).

The defendant's contention that he was prejudiced by the prosecutor's improper attempt to elicit the content of the radio report, which constituted inadmissible hearsay (see, People v Briggs, 156 AD2d 574), is without merit, given the minimal amount of information elicited and the court's prompt admonitions upon such efforts, which were invariably accompanied by curative instructions (see, People v Berg, 59 NY2d 294, 299-300; People v Solano, 159 AD2d 738).

We find that the prosecutor also improperly vouched for the officers' credibility during the course of the trial. However, the trial court's immediate admonitions and curative instructions both at the outset of and during the trial and during its

charge to the jury adequately served to eliminate any possible prejudice to the defendant *(see, People v Berg, supra; People v Jones,* 173 AD2d 853).

We have examined the defendant's various contentions regarding the propriety of certain of the prosecutor's summation comments and find that such remarks constituted either fair response to the defense counsel's summation or fair comment on the extent of the evidence adduced at trial *(see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105; *People v Perez,* 132 AD2d 579). In any event, any possible prejudice to the defendant in this vein was similarly cured by the court's extensive instructions to the jury *(see, People v Williams,* 134 AD2d 636, 637; *People v Ogelsby,* 128 AD2d 556). Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.