■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT CARROLL, Appellant. [606 NYS2d 734] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered March 22, 1990, convicting him of attempted murder in the second degree, rape in the first degree, attempted rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree, burglary in the first degree (two counts), grand larceny in the second degree (two counts), burglary in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the lineup identification by an eyewitness was not the result of undue suggestiveness even though the defendant was the only person common to both the lineup and the photographic array. This court has previously explained that "procedures involving the repeated display of a single photograph in successive arrays until a positive identification is obtained are viewed with great caution by the courts" *(People v Jones,* 171 AD2d 757, 758; *see also, People v Bolling,* 148 AD2d 622). However, the potential for irreparable misidentification is not manifest when the eyewitness views an array containing a photograph of the defendant and subsequently views the defendant in person during a lineup *(see, People v Denny,* 177 AD2d 589; *People v Jones, supra).* Viewing the totality of the circumstances surrounding the pretrial identification *(see, People v Logan,* 25 NY2d 184, 191, *cert denied* 396 US 1020), there is no basis in the record to disturb the determination of the hearing court *(see, People v Denny, supra).* The eyewitness was unable to identify the defendant from the photographic array in which his picture appeared, but subsequently identified him from a lineup approximately one month later. This procedure was not so conducive to the possibility of irreparable misidentification as to require suppression of the lineup identification *(see, People v Denny, supra; People v Jones, supra).*

We reject the defendant's contention that he was deprived of the effective assistance of trial counsel. Viewing defense

counsel's performance in its entirety, we conclude that the defendant was afforded meaningful representation *(see, People v Baldi,* 54 NY2d 137). Moreover, the defendant's *pro se* contention that he has been denied the effective assistance of appellate counsel is premature *(see, People v Baez,* 197 AD2d 527).

There is no merit to the defendant's contention that the court committed reversible error when it denied his application for a *Dunaway* hearing, finding that he was collaterally estopped from relitigating the issue of whether or not there was probable cause for his arrest. The defendant was arrested in February of 1987 in connection with numerous separate criminal transactions. He was first prosecuted in Suffolk County where, following a hearing, the County Court determined that probable cause had existed to justify his arrest. Thereafter, based upon the same deprivation of liberty, albeit after additional identification procedures which were particular to the Nassau County charges and which were the subject of a *Wade* hearing, the defendant was formally arrested in the present case. Clearly, the finding of probable cause of the Suffolk County Court as to the arrest underlying this Nassau County prosecution may not be relitigated *(see, People v Acevedo,* 69 NY2d 478).

We note that the present case is easily distinguishable from the Court of Appeals' recent decision in *People v Aguilera* (82 NY2d 23) in which the *Huntley* issue decided in one prosecution was different from the *Huntley* issue raised in a subsequent prosecution. By contrast, in this case, there is truly identity of issues as well as identity of parties *(see, People ex rel. Dowdy v Smith,* 48 NY2d 477, 482), and the defendant clearly had a full and fair opportunity to litigate the legality of his arrest in the prior Suffolk County prosecution. Accordingly, notwithstanding that the doctrine of collateral estoppel is to be applied less liberally in criminal cases than in civil actions *(see, People v Aguilera, supra,* at 30), it was appropriately invoked in this case to bar relitigation of exactly the same issue previously determined in the Suffolk County prosecution.

We have considered the defendant's remaining contentions, including those contained in his *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.