■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND MOORE, Appellant. [610 NYS2d 107] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree and attempted robbery in the first degree. There is no merit to defendant's contention that the proof is legally insufficient to support the jury verdict or that the verdict is contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

The suppression court properly determined that use of multiple pretrial identification procedures was not unduly suggestive *(see, People v Jones,* 171 AD2d 757; *People v Chapman,* 161 AD2d 1156, *lv denied* 76 NY2d 854). There was a time lapse of several hours between procedures. There is no contention that either procedure, by itself, was unduly suggestive. Further, the fact that defendant appeared in the same position in both procedures was happenstance.

Although the trial court erred in refusing defendant's request to give an alibi charge, that error was harmless. The trial court clearly and repeatedly instructed the jury that the People had the burden of proof on every issue, including the burden of proving that defendant was the person who committed the crime. Thus, there is no reasonable possibility that the error contributed to the verdict *(see, People v Crimmins,* 36 NY2d 230, 237).

The record reveals that, during an in-chambers pretrial conference held in defendant's absence, defense counsel made preliminary inquiry concerning a *Sandoval* problem but that the court made no determination on *Sandoval* issues. Because a de novo *Sandoval* hearing was conducted in defendant's

presence immediately prior to jury selection, defendant was not denied his right to be present at a material stage of the proceeding *(see, People v Smith,* 186 AD2d 976, *affd* 82 NY2d 254). (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.