■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILTON WONGSHING, Appellant. [666 NYS2d 166] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered May 31, 1995, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

The court properly exercised its discretion in curtailing defense counsel's questioning of prospective jurors concerning their ability to fairly evaluate a defendant's decision not to testify since counsel's questioning was repetitious, concerned the jurors' knowledge of the law and since the court provided detailed instructions as to the applicable principles and then obtained assurances that the jurors would follow the law as it was charged (*see, People v Boulware*, 29 NY2d 135, *cert denied* 405 US 995; *compare, People v Porter*, 226 AD2d 275).

Defendant's motion to suppress identification testimony was properly denied. Since defendant did not seek to reopen the *Wade* hearing based on evidence elicited at trial, we may not consider such evidence in reviewing the propriety of the suppression determination (*People v Nieves*, 205 AD2d 173, 184, *affd* 88 NY2d 618). In any event, there is nothing to indicate that either the array or lineup were arranged in a way that singled out defendant or that the complainant was somehow prompted by the police to select him (*see, People v Santiago*, 221 AD2d 249, *lv denied* 87 NY2d 925). The court properly exercised its discretion by refusing defendant's request to present a voice exemplar to disprove the identifications made of him since the victim's identification was based on factors other than defendant's alleged Caribbean accent and thus, any probative value of the proposed exemplar was outweighed by its potential to mislead the jury or to unfairly prejudice the prosecution (*see, People v Scarola*, 71 NY2d 769).

The court properly refused to accept defendant's guilty plea to the indictment after jury selection had been completed since he denied knowledge of the crime and the court did not satisfy itself that the plea was knowingly and intelligently made (*People v Selikoff*, 35 NY2d 227, 235, *cert denied* 419 US 1122).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.