■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA MCKINLEY, Appellant. [724 NYS2d 376] —Mercure, J. P. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered October 6, 1999, upon a verdict convicting defendant of the crime of attempted robbery in the third degree.

On this appeal from his conviction of attempted robbery in the third degree, defendant's only contention is that County Court erred in denying his motion to suppress identification testimony. Defendant does not claim that the composition of either the array or the lineup was such that there was a substantial likelihood of him being singled out. Rather, defendant focuses on various police procedures, including the display of a photographic array to the eyewitness who identified defendant before she was shown the lineup. In contrast to the suspect nature of the repeated display of a defendant's photograph in successive arrays until a positive identification is obtained, "the potential for irreparable misidentification is not manifest when the eyewitness views an array containing a photograph of the defendant and subsequently views the defendant in person during a lineup" (*People v Carroll*, 200 AD2d 630, *lv denied* 83 NY2d 850). Defendant's remaining claims of improper police procedures, to the extent that they are relevant to the issues raised by the suppression motion and have any basis in the record, are similarly lacking in merit, particularly in the absence of anything in the record to show that the procedures made defendant stand out from the other members of the lineup or otherwise created a substantial likelihood that defendant would be singled out for identification. In the absence of some showing of impermissible suggestiveness,

there was no basis to suppress the identification testimony (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.