■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE DEBAPTISTE, Appellant. [728 NYS2d 686] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered April 29, 1999, as amended March 16, 2000, convicting him of criminal possession of a weapon in the third degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment, as amended, is affirmed.

The defendant's argument that the indictment should be dismissed because the prosecutor breached his duty of fair dealing at the Grand Jury proceeding is unpreserved for appellate review (*see,* CPL 470.05 [2]), and, in any event, is without merit (*see, People v Thomas,* 213 AD2d 73, *affd* 88 NY2d 821; *People v Thompson,* 116 AD2d 377).

To the extent that the defendant challenges the suppression ruling on the basis of contradictions between the detectives' hearing testimony and trial testimony, this argument is not properly before this Court because he failed to move to reopen the hearing (*see, People v Gold,* 249 AD2d 414; *People v Diaz,* 194 AD2d 688; *People v Sumpter,* 192 AD2d 628). In any event, his contention "is grounded in attacking the credibility" of the

witnesses at the hearing (*People v Sumpter, supra,* 192 AD2d at 629). However, the hearing court properly found that they testified credibly at the hearing (*see, People v Sumpter, supra,* 192 AD2d at 629), and their testimony demonstrated that the gun was not seized as a result of any illegal police conduct (*see,* CPL 140.50; *People v Beriguette,* 84 NY2d 978; *People v Belton,* 55 NY2d 49). Accordingly, the court properly refused to suppress the gun.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.