THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN JOHNSON, Appellant. [859 NYS2d 539]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 20, 2003. The judgment convicted defendant, upon his plea of guilty, of sodomy in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of sodomy in the first degree (Penal Law former § 130.50 [1]). Defendant failed to preserve for our review his contention that the plea was not knowingly, voluntarily and intelligently entered inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (see People v Aguayo, 37 AD3d 1081 [2007], lv denied 8 NY3d 981 [2007]; see also People v Davis, 37 AD3d 1179 [2007], lv denied 8 NY3d 983 [2007]). This case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). Contrary to defendant's further contention, Supreme Court properly refused to suppress the identification testimony of the victim. Multiple pretrial identification procedures are not inherently suggestive (see generally People v Daniels, 202 AD2d 987 [1994]), and the record supports the court's determination that the photo array and subsequent lineup "were not so suggestive as to create the substantial likelihood that defendant would be misidentified" (People v Munoz, 223 AD2d 370, 370 [1996], lv denied 88 NY2d

990 [1996]; *see People v Sorenson*, 112 AD2d 1016, 1017 [1985], *lv denied* 66 NY2d 767 [1985]).

The court also properly refused to suppress defendant's statement to the police. Contrary to the contention of defendant, the statement was not rendered involuntary by the officers' false assertions that the victim had identified him as the perpetrator (*see People v Everson*, 262 AD2d 1059 [1999], *lv denied* 94 NY2d 903 [2000]; *People v Foster*, 193 AD2d 692 [1993], *lv denied* 82 NY2d 717 [1993]), or by the police chief's suggestion that defendant would "feel better" if he admitted his guilt (*see People v Hoyer*, 140 AD2d 853, 853 [1988], *lv denied* 72 NY2d 919 [1988]). The contention of defendant that his statement was the product of an illegal detention is not preserved for our review (*see People v Hyla*, 291 AD2d 928 [2002], *lv denied* 98 NY2d 652 [2002]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that he was deprived of due process based on the failure of the police to videotape the interrogation (*see People v Davis*, 48 AD3d 1086, 1087-1088 [2008]). Finally, we conclude that the court properly denied defendant's requests for the assignment of new counsel. Defendant "did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]" (*People v Randle* [appeal No. 2], 21 AD3d 1341, 1341 [2005], *lv denied* 6 NY3d 757 [2005] [internal quotation marks omitted]; *see People v Thomas*, 19 AD3d 1037 [2005], *lv denied* 5 NY3d 833 [2005]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.