■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE CROUCH, Appellant. [895 NYS2d 609]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 5, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress physical evidence, i.e., the handgun he allegedly possessed, and statements that he made to the police following his arrest. In his pretrial motion papers, defendant sought suppression of his statements only on the ground that they were involuntarily made, and he did not seek suppression of the gun. Following a *Huntley* hearing, defense counsel asserted for the first time, in a memorandum of law, that defendant was unlawfully stopped by the police. On appeal, he makes yet a third argument, conceding that the stop was lawful and instead contending that his initial detention by the police was actually an arrest unsupported by probable cause and thus that suppression of the handgun and statements is required. That contention therefore is not preserved for our review (*see People v Johnson*, 52 AD3d 1286, 1287 [2008], *lv denied* 11 NY3d 738 [2008]; *People v Lugo*, 281 AD2d 957 [2001]).

We reject the further contention of defendant that he was deprived of effective assistance of counsel based on defense counsel's failure to request a probable cause hearing (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). It is well settled that "a showing that [defense] counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Webster*, 56 AD3d 1242 [2008], *lv denied* 11 NY3d 931 [2009]). In order to prevail on his contention that he was deprived of effective assistance of counsel, defendant was required to demonstrate "the absence of strategic or otherwise legitimate explanations" for defense counsel's failure to make the pretrial motion (*People v Garcia*, 75 NY2d 973, 974 [1990]; *see People v Jacobs*, 52 AD3d 1182 [2008], *lv denied* 11 NY3d 926 [2009]), and defendant failed to do so here. Even assuming, arguendo, that the police lacked probable cause to arrest defendant, we conclude that there would have been no basis for suppression of the gun inasmuch as the discovery of the gun by the police was not causally related to defendant's seizure (*see People v Cooley*, 48 AD3d 1091 [2008], *lv denied* 10

NY3d 861 [2008], citing *People v Arnau*, 58 NY2d 27, 32-34 [1982]). Only the statements made by defendant in the police vehicle following his gunpoint detention were possibly subject to suppression as the product of an unlawful arrest, and those statements may be deemed to be exculpatory inasmuch as defendant denied possession of the gun and stated that it belonged to one of his codefendants. Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.