# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1509**

**KA 07-00393**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

RASHAD PETERKIN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 23, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (six counts), burglary in the first degree, kidnapping in the second degree (three counts), aggravated sexual abuse in the first degree, sexual abuse in the first degree, petit larceny, and unlawful imprisonment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, six counts of robbery in the first degree (Penal Law § 160.15 [4]) arising from two separate gunpoint robberies. Contrary to defendant's contention, Supreme Court properly refused "to suppress the in-court identification of [the] victim who had viewed defendant's photograph in the newspaper . . . or to require the People to establish that [such] victim[] had an independent basis for [his] identification[]" (*People v Fontanez*, 278 AD2d 933, 934, *lv denied* 96 NY2d 862; *see People v Stevens*, 44 AD3d 882; *People v Fuller*, 185 AD2d 446, 449, *lv denied* 80 NY2d 974, 81 NY2d 788). We reject the contention of defendant that the in-court identification was tainted because the lineup in which the victim in question identified defendant was conducted after that victim had viewed a photo array. "Multiple pretrial identification procedures are not inherently suggestive . . ., and the record supports the court's determination that the photo array and subsequent lineup 'were not so suggestive as to create the substantial likelihood that defendant would be misidentified' " (*People v Johnson*, 52 AD3d 1286, 1286, *lv denied* 11 NY3d 738; *see People v Brown*, 254 AD2d 781, 782, *lv denied* 92 NY2d 1029). Contrary to defendant's contention, the comments of the police investigator, including her "comment to the [victim in

question] that [she] believed that the police had arrested the same individual [he] had selected from the photo[ ] array did not render the lineup unduly suggestive . . . [inasmuch as] there was no suggestion as to which of the lineup participants was that individual" (*People v Simmonds*, 182 AD2d 650, 651-652, *lv denied* 80 NY2d 910; *see People v Goodman*, 167 AD2d 352, *lv denied* 77 NY2d 878).  Further, we conclude that "[t]he prosecutor's reference to the prior photo identification was ill-advised, but [it] was not tantamount to coaching the [victim] to make a particular selection at the lineup" (*People v Coble*, 168 AD2d 981, 982, *lv denied* 78 NY2d 954; *see generally People v Wongshing*, 245 AD2d 186, *lv denied* 91 NY2d 978).  We have considered defendant's remaining contentions concerning suppression of the identification testimony and conclude that they are without merit.

Defendant further contends that he was deprived of a fair trial based on the court's denial of his request for funding in excess of the $1,000 statutory limit to retain an expert with respect to identification issues (*see* County Law § 722-c).  Even assuming, arguendo, that the court erred in denying that request, we conclude that defendant was not thereby deprived of a fair trial because this "is not a 'case [that] turns on the accuracy of eyewitness identifications [where] there is little or no corroborating evidence connecting the defendant to the crime' " (*People v Abney*, 13 NY3d 251, 269; *see People v Lee*, 96 NY2d 157, 162-163).  Indeed, "the corroboration was strong enough for the . . . court reasonably to conclude that the expert's testimony would be of minor importance" (*People v Young*, 7 NY3d 40, 45).

We reject the contention of defendant that the court abused its discretion in denying his request for an adjournment of the trial based on the People's belated delivery of records related to DNA evidence and his inability to retain an expert concerning the issue of identification.  Although defendant is correct that the court's discretion with respect to a request for an adjournment is more narrowly construed when a fundamental right is impacted (*see People v Spears*, 64 NY2d 698, 699-700; *People v McNear*, 265 AD2d 810, 810-811, *lv denied* 94 NY2d 864), it is well settled that "[t]he court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (*People v Arroyo*, 161 AD2d 1127, 1127, *lv denied* 76 NY2d 852; *see People v Bones*, 50 AD3d 1527, *lv denied* 10 NY3d 956), and defendant made no such showing here. Defendant was not prejudiced by the People's belated delivery of records related to DNA evidence inasmuch as the trial did not commence until two weeks after defendant obtained those records and the court eventually precluded the People from introducing that evidence.  Also, defendant was not prejudiced by his inability to retain an expert on the issue of identification.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court