# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**628**

**KA 07-01252**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NICHOLAS J. MORGAN, ALSO KNOWN AS "MAN,"
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered May 24, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [2]). Defendant failed to preserve for our review his contention that Supreme Court erred in intervening during the testimony of a prosecution witness and in permitting the prosecutor to impeach that witness (*see* CPL 470.05 [2]). Indeed, defendant acquiesced in the court's chosen course of conduct (*see generally People v Alston*, 264 AD2d 685, 685-686, *lv denied* 94 NY2d 876). Defendant also failed to preserve for our review his challenge to the jury instructions inasmuch as he did not raise that challenge at trial (*see People v Knapp*, 79 AD3d 1805, 1807, *lv denied* 17 NY3d 807, 808), and we decline to exercise our power to review that contention and challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that he was denied effective assistance of counsel based upon defense counsel's failure to cross-examine the People's firearms examiner and certain remarks made by defense counsel on summation. "[D]efendant failed to

establish that there was no legitimate or strategic reason for defense counsel's alleged error" in declining to cross-examine the firearms examiner (*People v Roman*, 60 AD3d 1416, 1418, *lv denied* 12 NY3d 928; *see People v Cancer*, 16 AD3d 835, 840, *lv denied* 5 NY3d 826; *People v Philbert*, 267 AD2d 607, 607-608, *lv denied* 94 NY2d 905).  Contrary to the contention of defendant, defense counsel did not concede on summation that the People met their burden of proof.  Rather, defense counsel "chose in a forthright though brief statement to submit his client to the mercy and fair-mindedness of the jury," which does not render him ineffective (*People v Mapp*, 47 NY2d 939, 940; *see generally People v Forbes*, 203 AD2d 609, 611).  Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that the court erred in refusing to suppress two eyewitness identifications of him because the successive identification procedures were unduly suggestive.  Even assuming, arguendo, that defendant's contention is preserved for our review (*see* CPL 470.05 [2]), we conclude that it is without merit.  It is well settled that "[m]ultiple pretrial identification procedures are not inherently suggestive" (*People v Johnson*, 52 AD3d 1286, 1286, *lv denied* 11 NY3d 738; *see People v Peterkin*, 81 AD3d 1358, 1359, *lv denied* 17 NY3d 799) and, here, "[t]here was nothing unduly suggestive about having [the first witness in question] view defendant in a lineup after [he] had already selected [defendant's] photograph from an array" (*People v Ervin*, 5 AD3d 316, 317, *lv denied* 3 NY3d 639).  With respect to the second witness in question, we likewise conclude that showing the witness a photo array followed by a lineup was not unduly suggestive under the circumstances of this case (*see Peterkin*, 81 AD3d at 1359; *People v McKinley*, 283 AD2d 777, 777, *lv denied* 97 NY2d 731; *People v Carroll*, 200 AD2d 630, 630, *lv denied* 83 NY2d 850).  "In contrast to the suspect nature of the repeated display of a defendant's photograph in successive arrays until a positive identification is obtained, 'the potential for irreparable misidentification is not manifest when the eyewitness views an array containing a photograph of the defendant and subsequently views the defendant in person during a lineup' " (*McKinley*, 283 AD2d at 777; *see Carroll*, 200 AD2d at 630).  We further note that the photo array and the lineup were separated by eight hours and that there are no other circumstances indicating police suggestiveness (*see generally People v Moore*, 202 AD2d 1046, 1046, *lv denied* 84 NY2d 830).  Thus, "the record supports the court's determination that the photo array and subsequent lineup 'were not so suggestive as to create the substantial likelihood that defendant would be misidentified' " (*Johnson*, 52 AD3d at 1286; *see McKinley*, 283 AD2d at 777; *Carroll*, 200 AD2d at 630).

Finally, defendant failed to preserve for our review his contention that this case was improperly transferred from County Court to Supreme Court for trial and sentencing (*see People v Perez*, 89 AD3d 1393, 1395; *People v Ott*, 83 AD3d 1495, 1496, *lv denied* 17 NY3d 808; *see also People v Woodrow*, 91 AD3d 1188, 1189), and we decline to exercise our power to review it as a matter of discretion in the

interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's contention, the alleged transfer error does not constitute a mode of proceedings error such that preservation is not required (*see Perez*, 89 AD3d at 1395).

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court