# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**410**

**KA 11-01583**

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

GARTH HILL, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 27, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and sexual abuse in the first degree (§ 130.65 [1]), defendant contends that County Court erred in denying his motion to suppress identification testimony on the ground that the lineup procedure was conducted after the two victims viewed photo arrays containing defendant's picture. We reject that contention. "It is well settled that '[m]ultiple pretrial identification procedures are not inherently suggestive' " (*People v Morgan*, 96 AD3d 1418, 1419, *lv denied* 20 NY3d 987), and here "the record supports the court's determination that the photo array[s] and subsequent lineup were not so suggestive as to create the substantial likelihood that defendant would be misidentified" (*People v Peterkin*, 81 AD3d 1358, 1359, *lv denied* 17 NY3d 799 [internal quotation marks omitted]). Contrary to defendant's further contention, the People established the reasonableness of the lineup identification procedure, and defendant failed to meet his ultimate burden of establishing that the lineup was unduly suggestive (*see People v Snell*, 118 AD3d 1350, 1350, *lv denied* 24 NY3d 965). Although defendant was taller than two of the fillers used in the lineup, " 'the alleged variations in appearance between the fillers and the defendant were not so substantial as to render the lineup impermissibly suggestive' " (*People v Davis*, 115 AD3d 1167, 1170, *lv denied* 23 NY3d 1019; *see People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833; *People v Freeney*, 291 AD2d 913, 913, *lv denied* 98 NY2d

637).

Defendant contends that the court erred in refusing to suppress his statements to the police because he was under the influence of a controlled substance when he waived his *Miranda* rights, and thus his waiver was invalid.  We reject that contention, inasmuch as there is no evidence that defendant " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " (*People v Schompert*, 19 NY2d 300, 305, *cert denied* 389 US 874; *see People v Peterkin*, 89 AD3d 1455, 1455, *lv denied* 18 NY3d 885).  Finally, defendant failed to preserve for our review his challenge to the voluntariness of his plea inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Kuras*, 49 AD3d 1196, 1197, *lv denied* 10 NY3d 866; *People v DeJesus*, 248 AD2d 1023, 1023, *lv denied* 92 NY2d 878).  Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666).

Entered:  March 27, 2015                     Frances E. Cafarell
                                             Clerk of the Court