People v Hassan (2018 NY Slip Op 01741)





People v Hassan


2018 NY Slip Op 01741


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


222 KA 11-01135

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MUZZAMMIL S. HASSAN, ALSO KNOWN AS MO HASSAN, DEFENDANT-APPELLANT. 






KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
MUZZAMMIL S. HASSAN, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered March 9, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that he is entitled to a new trial because County Court improperly limited the scope of his pretrial statements to the press to the general nature of the charges against him and his intended defense, thereby allegedly preventing him from adequately responding to press coverage purportedly favorable to the People. He argues that the court's ruling "unconstitutionally infected" the jury pool and precluded him from finding jurors who were not biased against him. Even assuming, arguendo, that the court abused the discretion afforded to it to take affirmative measures to ensure a fair trial and to prevent or reduce prejudicial pretrial publicity (see generally Sheppard v Maxwell, 384 US 333, 363 [1966]; Matter of National Broadcasting Co. v Cooperman, 116 AD2d 287, 289 [2d Dept 1986]), we conclude that defendant failed to preserve his contention for our review because he never moved for a change of venue or other relief based on the purportedly tainted jury pool (see People v Perkins, 62 AD3d 1160, 1162 [3d Dept 2009], lv denied 13 NY3d 748 [2009]). Instead, subsequent to the court's ruling, defense counsel participated in five full days of jury selection, during which time the prospective jurors were thoroughly questioned on their media exposure and potential biases, and counsel acquiesced to the selected jurors being sworn without objection (see id.). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's further contention that the court committed a mode of proceedings error by granting defendant's midtrial request to proceed pro se. Although the right to represent oneself is "severely constricted" once a trial has begun, an otherwise untimely motion to proceed pro se may still "be granted in the trial court's discretion and . . . in compelling circumstances" (People v McIntyre, 36 NY2d 10, 17 [1974]; see People v Dashnaw, 116 AD3d 1222, 1231-1232 [3d Dept 2014], lv denied 23 NY3d 1019 [2014]). We conclude, upon our review of "the whole record, not simply . . . the waiver colloquy" (People v Providence, 2 NY3d 579, 583 [2004]), that the requisite compelling circumstances existed. For instance, defendant's serial termination of multiple prior attorneys evidenced his unrealistic expectations of counsel's role in his defense. In addition, trial counsel informed the court that, despite midtrial conciliatory efforts, the attorney-client relationship had reached an unresolvable impasse because of counsel's inability to adhere to defendant's requests while ethically representing defendant (see People v Chandler, 109 AD3d 1202, 1203 [4th Dept 2013], lv denied 23 NY3d 1019 [2014]).
Defendant's contention that the court failed to make a sufficient inquiry into juror misconduct when informed that an unidentified female juror may have been discussing defendant's guilt or innocence before deliberations had begun is unpreserved for our review, inasmuch as defendant acquiesced in the court's decision not to interview the other jurors with whom the female juror was speaking (see People v Hodge, 147 AD3d 1502, 1503 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; see also People v Hicks, 6 NY3d 737, 739 [2005]; see generally People v Morgan, 96 AD3d 1418, 1418 [4th Dept 2012], lv denied 20 NY3d 987 [2012]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, we have considered the contentions raised by defendant in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court