People v Penn (2019 NY Slip Op 03498)





People v Penn


2019 NY Slip Op 03498


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


335 KA 16-00785

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID E. PENN, III, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DANIELLE C. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 2, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). He contends that Supreme Court erred in denying, without a hearing, that part of his omnibus motion that sought to suppress physical evidence, i.e., the drugs recovered during the search of a vehicle that belonged to other individuals. We reject that contention and conclude that the court properly determined that defendant lacked standing to challenge the search of the vehicle from which drugs were recovered. It is well settled that a request to suppress evidence obtained as the result of an allegedly unlawful search and seizure may be denied without a hearing where the defendant does not allege a proper legal basis for suppression or if the "sworn allegations of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]; see People v Mendoza, 82 NY2d 415, 421 [1993]). "Hearings are not automatic or generally available for the asking by boilerplate allegations. Rather, . . . factual sufficiency [is to] be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information" (Mendoza, 82 NY2d at 422).
Here, defendant was not entitled to a hearing because his motion papers conclusively established that "defendant lacks standing to challenge the search of [the vehicle], since [defendant] was not the person against whom the search was directed[,] and he cannot complain that his constitutional privacy protections have been infringed as a result of [the search]" (People v Hogue, 133 AD3d 1209, 1212 [4th Dept 2015], lv denied 27 NY3d 1152 [2016] [internal quotation marks omitted]). To the extent defendant contends that he was entitled to a suppression hearing based on his own purportedly illegal arrest, we conclude that a determination that his arrest was illegal would not require suppression of the drugs because there is no basis to conclude that the discovery of the drugs in the vehicle was causally related to defendant's arrest (see People v Crouch, 70 AD3d 1369, 1370 [4th Dept 2010], lv denied 15 NY3d 773 [2010]; People v Cooley, 48 AD3d 1091, 1091 [4th Dept 2008], lv denied 10 NY3d 861 [2008])
We have considered defendant's remaining contention, and conclude that it does not require reversal or modification of the judgment.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court