People v Graham (2019 NY Slip Op 05906)





People v Graham


2019 NY Slip Op 05906


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


525 KA 16-00756

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISIAH GRAHAM, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, BUFFALO (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ISIAH GRAHAM, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered December 18, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree (two counts) and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Defendant's conviction stems from his conduct in shooting the victim in the back of the head while walking with him and two others down a street during daylight hours. The man walking next to defendant testified at trial and identified him as the shooter. A week after the murder, defendant was arrested after being chased by police officers responding to a report of shots fired. The police recovered a revolver and a pistol that were lying in a yard through which defendant had run during the chase. In his statements to the police, defendant admitted to possessing the pistol, and forensic evidence established that he was the source of the major component of DNA obtained from that pistol, which the victim had in his possession at the time of the murder and which defendant allegedly stole immediately after shooting him.
We reject defendant's contention in his main and pro se supplemental briefs that County Court erred in allowing in evidence two photographs, taken from his cell phone, that depicted guns. One photograph showed a hand holding what appeared to be the revolver recovered at the time of defendant's arrest, which was the alleged murder weapon, and the other showed defendant holding what appeared to be the pistol also recovered at the time of defendant's arrest. The court properly determined that the photographs were admissible because they were relevant to establish defendant's identity as the shooter, and the probative value outweighed any prejudicial impact (see People v Alexander, 169 AD3d 571, 571 [1st Dept 2019]; People v Bailey, 14 AD3d 362, 363 [1st Dept 2005], lv denied 4 NY3d 851 [2005]; see also People v Moore [appeal No. 2], 78 AD3d 1658, 1659 [4th Dept 2010], lv denied 17 NY3d 798 [2011]).
Defendant further contends in his main brief that the court erred in allowing an officer to identify him in a surveillance video. We agree. "A lay witness may give an opinion concerning the identity of a person depicted in a surveillance [video] if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the [video] than is the jury" (People v Russell, 165 AD2d 327, 333 [2d Dept 1991], affd 79 NY2d 1024 [1992]). Here, "there was no basis for concluding that the [officer] was more likely than the jury to correctly determine whether the defendant was depicted in the video" (People v Reddick, 164 AD3d 526, [*2]527 [2d Dept 2018], lv denied 32 NY3d 1114 [2018]; see People v Oquendo, 152 AD3d 1220, 1221 [4th Dept 2017], lv denied 30 NY3d 982 [2017]). The officer was not familiar with defendant, and there was no evidence showing that defendant had changed his appearance prior to trial (see Reddick, 164 AD3d at 527; cf. People v Sanchez, 21 NY3d 216, 225 [2013]; People v Jones, 161 AD3d 1103, 1103 [2d Dept 2018], lv denied 32 NY3d 938 [2018]). We conclude, however, that the error was harmless. The evidence was overwhelming, and there was no significant probability that the error might have contributed to the conviction (see Reddick, 164 AD3d at 527; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to defendant's additional contention in his main brief, the court properly admitted in evidence certain text messages sent from defendant's cell phone the day before the murder and the following week inasmuch as they had probative value (see Alexander, 169 AD3d at 572), and the admission of the evidence did not unfairly prejudice defendant (see generally People v Jones, 147 AD3d 1521, 1522 [4th Dept 2017], lv denied 29 NY3d 1033 [2017]). Defendant's contention in his main brief that the court erred in allowing an officer to testify regarding his interpretation of the slang used in the messages is unpreserved for our review (see People v Shire, 77 AD3d 1358, 1359 [4th Dept 2010], lv denied 15 NY3d 955 [2010]) and, in any event, is without merit (see People v Barksdale, 129 AD3d 1497, 1497-1498 [4th Dept 2015], lv denied 26 NY3d 926 [2015], reconsideration denied 26 NY3d 1007 [2015]).
Defendant's contention in his pro se supplemental brief that his statement to the police on the day of his arrest should have been suppressed because the police did not have probable cause to arrest him is not preserved for our review because defendant moved to suppress that statement only on the ground that it was involuntarily made (see People v Watson, 90 AD3d 1666, 1667 [4th Dept 2011], lv denied 19 NY3d 868 [2012]; People v Crouch, 70 AD3d 1369, 1370 [4th Dept 2010], lv denied 15 NY3d 773 [2010]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Johnson, 52 AD3d 1286, 1287 [4th Dept 2008], lv denied 11 NY3d 738 [2008]).
Defendant contends in his main brief that the prosecutor engaged in misconduct during summation by improperly vouching for the credibility of a witness. That contention is not preserved for our review (see People v Fick, 167 AD3d 1484, 1485 [4th Dept 2018], lv denied 33 NY3d 948 [2019]), and it is without merit in any event. The prosecutor's comments were fair response to defense counsel's summation, in which defense counsel argued that the witness was not credible (see id.; People v Ielfield, 132 AD3d 1298, 1299 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]). " An argument by counsel that his [or her] witnesses have testified truthfully is not vouching for their credibility' " (People v Roman, 85 AD3d 1630, 1632 [4th Dept 2011], lv denied 17 NY3d 821 [2011]).
We reject defendant's contention in his main brief that he was denied effective assistance of counsel. Inasmuch as the prosecutor did not engage in any misconduct during summation, defendant was not denied effective assistance of counsel by defense counsel's failure to object to the prosecutor's comments (see People v Eckerd, 161 AD3d 1508, 1509 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; People v Keels, 128 AD3d 1444, 1446 [4th Dept 2015], lv denied 26 NY3d 969 [2015]). Defendant also contends in his main brief that defense counsel was ineffective in failing to object to certain hearsay testimony that disproved defendant's statement during his second interview with the police that he was at a certain location later on the day of the murder. We conclude that defense counsel's failure to object did not constitute ineffective assistance inasmuch as there was other evidence disproving defendant's statement. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). In his pro se supplemental brief, defendant contends that he received ineffective assistance of counsel based on defense counsel's failure to move to suppress his statement to the police on the day of his arrest and other evidence on the ground that he was arrested without probable cause. That contention must be raised by way of a motion pursuant to CPL article 440 (cf. Crouch, 70 AD3d at 1370-1371) inasmuch as " the record on appeal is inadequate to enable us to determine whether such a motion would have been successful and whether defense counsel was ineffective for failing to make that motion' " (People v Cooper, 151 AD3d 1831, 1831 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]).
We reject defendant's contention in his pro se supplemental brief that the evidence is [*3]legally insufficient to establish his intent with respect to the murder count and his identity as the shooter. The testimony of the witness who was with defendant at the time of the shooting constituted legally sufficient evidence that defendant was the perpetrator, and defendant's intent to kill may be inferred from his conduct in shooting the victim in the back of the head (see People v Chase, 158 AD3d 1233, 1234-1235 [4th Dept 2018], lv denied 31 NY3d 1080 [2018]; People v Holmes, 260 AD2d 942, 943 [3d Dept 1999], lv denied 93 NY2d 1020 [1999]). Defendant's further contention in his pro se supplemental brief that the evidence is legally insufficient because that witness was incredible as a matter of law is not preserved for our review inasmuch as defendant did not raise that ground in support of his motion for a trial order of dismissal (see People v Washington, 160 AD3d 1451, 1451 [4th Dept 2018]; People v Wilcher, 158 AD3d 1267, 1267-1268 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]). In any event, we reject that contention (see Wilcher, 158 AD3d at 1267-1268). Defendant also challenges the weight of the evidence in both his main and pro se supplemental briefs. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contention in his main brief, the court did not err in imposing consecutive sentences on the count of murder in the second degree and the count of criminal possession of a weapon in the second degree under Penal Law § 265.03 (3) (see People v Malloy, — NY3d &mdash, &mdash, 2019 NY Slip Op 05061, *1 [June 25, 2019]; People v Brown, 21 NY3d 739, 751 [2013]; People v Lozada, 164 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]). Finally, we reject defendant's contention in his main and pro se supplemental briefs that the sentence is unduly harsh and severe.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court